Hawkins, J.,
delivered the opinion of the Court.
On the 12th day of August, 1864, Foster instituted a suit in the Circuit Court of Enos County, against James Smith, Franklin Smith, Frederick Lenoir, W. M. Cos, J. L. Cox, H. T. Cox^ ¥m, T. Johnson, and Henry Burum, to recover damages for wrongfully taking, or causing others to take, various articles of property belonging to the plaintiff, and for maliciously and illegally arresting, imprisoning, shooting and wounding, the plaintiff, or causing it to he done.
On the same day, Foster sued out, from the office of the Clerk of said Court, ancillary writs of attachment against the property of all said defendants, except Johnson and Burum. The summons was executed on Johnson and Burum, and the writs of attachment levied.
The declaration in the cause was filed at the February Term, 1865, of said Court; and at the same term, a' judgment by default against all the defendants, was regularly entered; and thereupon, the cause was submitted to a jury to inquire of the damages, who, by their verdict, assessed the plaintiff's damages at twenty-five thousand dollars. Upon this verdict, the Court proceeded to pronounce judgment, final, and to award writs of execution and venditioni exponas.
Afterwards, and at the following June Term, 1865, of said Court, one of the defendants, to-wit: William M. Cox, in behalf of himself and the other defendants, made application to the Court to set aside said judgment, and in support of the application, presented *142 and filed a petition. The Court refused to set aside the judgment; and from this action of the Court, in refusing to set aside said judgment, Cos prosecuted an appeal to this Court.
This application to set aside the judgment by default, was made under the provisions of section 3529 of the Code, which are as follows: “In all cases of attachment sued out, because the defendant resides out of the State, or has merely removed himself or property from the State, the judgment or decree by default, may be set aside, upon application of the defendant, and good cause shown within twelve months thereafter, and defense permitted, upon such terms as the Court or Justice may impose.”
It will be observed, that, under the provisions of this section, the judgment by default, may be set aside, only in cases where the attachment- is sued out, because the defendant resides out of the State, or has merely removed himself, or property, from the State.
To ascertain the cause upon which the attachment is sued out, we must look to the affidavit upon which it is issued.
. It is stated, in the affidavit in this case, that the defendants, James Smith, Franklin Smith, Frederick Lenoir, W. M. Cox, J. L. Cox, and H. T. Cox, are non-residents of the State, or so abscond or conceal themselves, that the ordinary process of law cannot be served upon them.
If- the attachment had been sued out alone, because the defendants were non-residents of the State, the Court would clearly have the power to set aside the *143 judgment by default, within twelve months thereafter, upon good cause shown; but, if it had been sued out alone, upon the ground that the defendants were absconding, the Court would not have the power, under the provisions of the section of the Code before referred to, to set the judgment aside.
Here, however, these reasons are both stated in the alternative, and the question now is, has the Court the power to set aside the judgment, at the subsequent term of the Court?
The attachment laws must be construed liberally, Code, sec. 3477, and whether the law under consideration be designed to afford a remedy, and to aid the plaintiff in enforcing the satisfaction of his demand, or to protect the defendant against injustice and wrong, the same liberal rule of construction must prevail.
The plaintiff may, in his application for the writ of attachment, state, in the alternative, different reasons for suing out the same.
One cause stated, may exist in fact, while the other may not, and, as in this case, if the process is sued out for one of the causes stated, the Court may, upon good cause shown, set aside the judgment; but if it be sued out for the other cause stated, the Court cannot set the judgment aside.
In such cases, giving the - section under consideration a liberal construction, we hold that the right of the Court to exercise the power to set aside the judgment, must depend upon the true cause stated; and if two causes are stated in the alternative, one of which existed in fact, and the other did not in fact *144 exist, upon an application to set aside the judgment, the cause which did in fact exist, must "be taken in a proceeding of this kind, as the cause for which the attachment was sued out; and the party seeking to set aside the judgment, must show, in a case like this, that he was, in fact, a non-resident of the State, and was not, in fact, so absconding that the ordinary process of the law corrld not be served upon him; and, having shown these facts, he would then have a right to have the judgment set aside, upon showing good cause therefor, but not until then.
To hold otherwise, it seems to us, would be to place it in the power of the plaintiff, by stating, in his application for the writ, alternatively, several causes to defeat and render nugatory this provision of the Code. Then how does this case stand?
If we can look to the petition of the defendant, and the affidavits transcribed into this record, for any purpose, it appears from them, that the defendant was, at the time the attachment was sued out, an absconding resident of the State, and, therefore, was not entitled to have the judgment by default set aside.
But, we have holden, during the present term of this Court, that applications of this kind, must, in a great degree, be regarded as in the nature of applications for new trials. They may be made upon motion, 'supported by petitions or affidavits; but such petitions or affidavits are extraneous matters, and cannot become part of the record in this cause, unless they are made so by bill of exceptions.
*145 There is no bill of exceptions in the record, consequently the petition and affidavits transcribed into the record by the clerk, cannot he looked to for any purpose.
We think the refusal of the Circuit Judge, to set aside the judgment, was not error.
But, the record, in said suit, having been filed for error, by the defendants, we must look to that.
The first error assigned, is, that it does not appear that the ancillary attachment was sued out in aid of a suit already brought, and then pending in the Court.
In the case of Thompson vs. Carper, 11 Hum., 542, it was held, that, in cases where an attachment was resorted to as auxiliary to a suit for tort, as well as upon contract, “it should be stated in the affidavit and alleged in the attachment, that a suit had been commenced by the plaintiff against the defendant, the nature thereof, the tribunal in which it is pending, the amount of damages laid in the action, and that the cause of action stated, is just.”
This case was cited and approved by the Court, in the case of Morris vs. Davis, 4 Sneed, 453; also, in the case of Swan vs. Roberts, decided at the last term of the Supreme Court, at Knoxville; and in the case of Boggess vs. Gamble et al., decided at the present term.
How let us try this by the foregoing rule. The affidavit does not state that any suit, whatever, had been commenced, or was then pending in any tribunal.
The attachment bond recites, that it is to “he void on conditions that the said Horace Poster shall well and truly prosecute an ancillary action of attachment,. *146 tbis day commenced against the above named parties,” etc.; and one of the several writs of attachment issued in the cause, indorsed “Horace Foster vs. James Smith et al., ancillary attachment,” recites that “Horace Foster hath complained to me, S. H. Smith, Clerk of the Circuit Court of Knox County, that James Smith, Franklin Smith, Frederick Lenoir, W. M. Cox, J. L. Cox, H. T. Cox, W. T. Johnson and Henry Burum, are justly liable to him for damages, done to his person and property, in the sum of twenty-five thousand dollars, and having this day instituted a suit in the Circuit Court for said County, to recover said sum.” But all this, according to the authority of the cases before referred to, is insufficient.
In the case of Morris vs. Davis, the petition to the Judge for the process, did refer to and describe the suit, etc., as required by the rule, but the attachment made no reference of any kind, to the action of trespass, ,in aid of which it was issued; but-the Court held, as in the- cases of Thompson vs. Carper, 11 Hum., Swan vs. Roberts, and Boggess vs. Gamble, that both the affidavit -and attachment, must contain the statements and allegations required by the rule, as before -stated.
It follows, therefore, that the ancillary attachment in this case, was not lawfully issued, and according to the rulings of this Court, in the cases of Swan vs. Roberts, and of Boggers vs. Gamble, the Court had no such jurisdiction as would authorize it to try the cause and pronounce judgment against the defendants not served with process, notwithstanding the. broad *147 provisions of the fourth section of the Schedule to the amended Constitution, ratified on the 22d day of February, 1865, and as an inevitable consequence, the judgment as to the defendants not served with process, is erroneous, and must be set aside.
As to defendants, Burum and Johnson, the judgment was regular, and in an action of this kind, when the legal liability of the parties is several as well as joint, and the plaintiff might maintain his action against any one or all the defendants, they cannot be heard to say, that, because the judgment is erroneous as to one or more of their co-defendants, it is therefore erroneous as to them. The objection is purely technical, not in any manner affecting the merits of the judgment, and for which this Court cannot reverse the judgment complained of: 3 Head, 378, and Boggess vs. Gamble, decided at the present term.
Other errors have been assigned, which, in the view we have taken of this case, we do not deem it necessary to notice.
The judgment of the Circuit Court, in refusing to set aside said judgment, upon application at a subsequent term, will be affirmed, with costs.
The judgment as to defendants, Burum and Johnson, will also be affirmed; and as to the other defendants, it will be reversed, and the cause remanded. The administrator of petitioner Cox, will pay the costs incident to said petition.